**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lorenzo RIOS–OSUNA, Defendant–
Appellant.**

No. 98–50705.

D.C. No. CR–96–00928–JSL–1.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2001.*

Decided May 25, 2001.

Before MAGILL,** McKEOWN and FISHER, Circuit Judges.

MEMORANDUM ***

Lorenzo Rios–Osuna appeals his conviction and sentence following a guilty plea to one count of conspiracy to distribute marijuana. He challenges (1) the district court's denial of his motion to suppress wiretap evidence; (2) a four-level sentencing enhancement for a leadership role in the conspiracy; and (3) his 235–month sentence in light of *Apprendi v. New Jersey.*

Rios–Osuna first argues that the government's applications for wiretaps failed to demonstrate that the wiretaps were necessary under 18 U.S.C. § 2518(1)(c). Under that section, the application must contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

738

18 U.S.C. § 2518(1)(c). Based on our review of the wiretap applications and affidavits, in light of the complete record, we conclude that the issuing court did not abuse its discretion in authorizing the wiretap, and the district court did not err in admitting the wiretap evidence. *See United States v. Khan,* 993 F.2d 1368, 1375 (9th Cir.1993) (discussing standards of review and necessity requirement).

Second, Rios–Osuna challenges the district court's four-level enhancement under U.S.S.G. § 3B1.1 for his role as an organizer or leader. In order to apply this provision, "the defendant must have exercised some control over others involved in the commission of the offense or he must have been responsible for organizing others for the purpose of carrying out the crime." *United States v. Hoac,* 990 F.2d 1099, 1110 (9th Cir.1993). Upon review of the record, we conclude that the district court did not clearly err in finding that Rios–Osuna was a leader or organizer, and did not err in applying the § 3B1.1 enhancement.

Rios–Osuna next argues that his sentence violates the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He pleaded guilty to one count of his indictment charging conspiracy to distribute and to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Although the indictment does specify an amount "more than 1000 kilograms," the plea agreement, statement of facts, and plea colloquy explicitly leave the quantity of marijuana undetermined. Therefore, the maximum sentence is that for a detectible amount of marijuana under 21 U.S.C. § 841(a)(1)—five years. Rios–Osuna was sentenced to 235 months.

Because the *Apprendi* claim was raised for the first time on appeal, the sentence must be reviewed for plain error. *United States v. Nordby,* 225 F.3d 1053, 1060 (9th Cir.2000). "To secure reversal under this standard [Rios–Osuna] must prove that: (1) there was 'error'; (2) the error was 'plain'; and (3) that the error affected 'substantial rights' .... If these conditions are met, we may exercise our discretion to notice the forfeited error only if the error (4) 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* (citations omitted).

In the present case, the error was plain, although we recognize that the district court sentenced Rios–Osuna before *Apprendi* and its progeny governed this issue. The government argues, however, that any possible error could not affect Rios–Osuna's substantial rights because he "pleaded guilty to a conspiracy charge that alleged more than 1000 kilograms of marijuana and because he admitted at sentencing that he was liable for at least 3000 pounds of marijuana."

Had Rios–Osuna pleaded to facts stating a particular quantity of marijuana in excess of 1000 kilograms, the government would be correct. But he did not. When pleading guilty to the first count of the indictment, Rios–Osuna of course admits only to the elements of the crime which, under § 841(a)(1), do not include a minimum quantity of marijuana. And, although Mr. Rios–Osuna's lawyer did say, at sentencing, that "we would be prepared to admit to 3,000 pounds," *Nordby* states clearly that the court *may not consider admissions made at sentencing.* *See Nordby,* 225 F.3d at 1061 n. 6 ("We do not, however, consider any admission made by Nordby at sentencing in assessing the prejudice suffered by Nordby because of the *Apprendi* error .... Any new admissions by Nordby at sentencing, made after the jury had already rendered its verdict, are irrelevant to this inquiry."); *see also United States v. Keeling,* 235 F.3d 533 (10th Cir.2000). Without these state-

ments, there is nothing in the record that can be interpreted as an admission that over 1,000 kilograms were involved. Therefore, over fourteen additional years of imprisonment were imposed beyond that permitted by the offense to which he pled. This certainly affected his substantial rights. *See United States v. Anderson*, 201 F.3d 1145, 1152 (9th Cir. 2000) ("a longer sentence undoubtedly affects substantial rights.").

Under the fourth step of a plain error analysis, we may exercise our discretion to take account of the plain error only it seriously affects the fairness, integrity, or public reputation of judicial proceedings. As in *Nordby*, this case presents error related to the determination of guilt beyond a reasonable doubt, "the bedrock of our constitutional system of justice." *Nordby*, 225 F.3d at 1061. Because "fairness is undermined when a court's error impose[s] a longer sentence than might have been imposed had the court not plainly erred," *id.* (internal quotation and citation omitted), we exercise our discretion to recognize the error.

Accordingly, we affirm the district court's denial of the motion to suppress, and remand to the district court for resentencing subject to the maximum sentence supported by the plea.

AFFIRMED in part, SENTENCE VACATED, and REMANDED FOR RE-SENTENCING.